1

2

3

4

5

6

7

8                            **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11      THANH QUANG,                                    No.  2:22-CV-01704-DAD-DMC-P

12                      Plaintiff,

13              v.                                       <u>ORDER</u>

14      S. ALAMOSA, et al.,

15                      Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18      42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 18.

19              The Court is required to screen complaints brought by prisoners seeking relief

20      against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21      § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22      initiated even if the litigant was subsequently released from custody.  <u>See</u> <u>Olivas v. Nevada ex rel.</u>

23      <u>Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24      portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25      be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u>

26      28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27      complaints contain a ". . . short and plain statement of the claim showing that the pleader is

28      entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

                                                       1

1   concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2   Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3   of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4   1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5   overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6   to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7   required by law when the allegations are vague and conclusory.

8

9                            **I.  PLAINTIFF'S ALLEGATIONS**

10          Plaintiff names the following as defendants: (1) "C.M.F. Prison of California" and

11   (2) S. Alameda.  See ECF No. 18, pgs. 1-2.  Plaintiff claims that he asked for help with his foot

12   problems in 2020 "but was denied."  Id. at 3.  Plaintiff states that, as of 2023, he was "told to wait

13   & still I did not get any help."  Id.  According to Plaintiff, he requires a "working boot" to be able

14   to attend his job.  See id. at 4.  Plaintiff states that "they" told him he's on the list but still hasn't

15   received the required footwear.  See id.  Plaintiff states that his foot is hurting all the time.  See id.

16

17                                    **II.  DISCUSSION**

18          As with Plaintiff's original complaint, the amended complaint suffers from the

19   same defects.  First, state prisons are immune from suit under the Eleventh Amendment.  Second,

20   though Plaintiff names S. Alameda as a defendant, the amended complaint contains no mention of

21   this individual and thus fails to establish a causal link between the named defendant and a

22   constitutional violation.

23          **A.      Eleventh Amendment Immunity**

24          The Eleventh Amendment prohibits federal courts from hearing suits brought

25   against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.

26   Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

27   extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

28   of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

1  Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state

2  agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

3  (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

4         To the extent "C.M.F. Prison of California" refers to the California Medical

5  Facility, which is a prison within the California Department of Corrections and Rehabilitation

6  system, Plaintiff cannot proceed as against this entity, which is immune from suit.  This defect

7  cannot be cured.

8      **B.**    **Causal Link**

9         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

10  connection or link between the actions of the named defendants and the alleged deprivations.  See

11  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

12  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

13  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

14  an act which he is legally required to do that causes the deprivation of which complaint is made."

15  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

16  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

17  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

18  specific facts as to each individual defendant's causal role in the alleged constitutional

19  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

20         The only individual named in the amended complaint is S. Alameda.  The

21  amended complaint, however, is devoid of any allegations specific to this individual.  Plaintiff's

22  references to "they" is insufficient to put Defendant Alameda on notice.  In the interest of justice,

23  the Court will permit Plaintiff one additional opportunity to amend to cure this defect.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

### III.  CONCLUSION

2          Because it is possible that some of the deficiencies identified in this order may be

3  cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the

4  entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff

5  is informed that, as a general rule, an amended complaint supersedes the original complaint.  See

6  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

7  amend, all claims alleged in the original complaint which are not alleged in the amended

8  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

9  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

10  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

11  complete in itself without reference to any prior pleading.  See id.

12          If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

13  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

14  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

15  each named defendant is involved, and must set forth some affirmative link or connection

16  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

17  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18          Because some of the defects identified in this order cannot be cured by

19  amendment, Plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now

20  has the following choices: (1) Plaintiff may file an amended complaint which does not allege the

21  claims identified herein as incurable, in which case such claims will be deemed abandoned and

22  the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which

23  continues to allege claims identified as incurable, in which case the Court will issue findings and

24  recommendations that such claims be dismissed from this action, as well as such other orders

25  and/or findings and recommendations as may be necessary to address the remaining claims.

26  / / /

27  / / /

28  / / /

4

1    Finally, Plaintiff is warned that failure to file an amended complaint within the

2  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

3  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

4  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

5  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

6    Accordingly, IT IS HEREBY ORDERED that:

7    1.    Plaintiff's first amended complaint is dismissed with leave to amend; and

8    2.    Plaintiff shall file a second amended complaint within 30 days of the date

9  of service of this order.

10

11  Dated:  January 25, 2024

12    _____
    DENNIS M. COTA
13    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28